# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EDWIN S. ROBERTS,**

   **Plaintiff,**

 -vs-              Case No. 6:09-cv-515-Orl-31GJK

**EDWIN WALPOLE and WALPOLE, INC.,**

   **Defendants.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 18)** |
| **FILED:** | **January 8, 2010** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

Plaintiff and Defendants jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 18.[1]

___

[1] On January 11, 2010, Judge Gregory A. Presnell entered an Order stating that the Agreement failed to comply with *Bonetti v. Embarq Mgmt., Co.*, Case No. 06:07-cv-1335 (M.D. Fla. Aug. 4, 2009) as it did not establish that the amount paid to Plaintiff was negotiated and determined by the parties independently from the amount paid to Plaintiff's counsel. Doc. No. 19. Judge Presnell referred the Motion to the undersigned for issuance of a report and recommendation. *Id.* On January 20, 2010, Plaintiff filed a response ("Response") to the Order which included a

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

---

sworn statement and time records in which Plaintiff maintained compliance with *Bonetti*. Doc. No. 20. On January 21, 2010, Judge Presnell entered an Order stating that Plaintiff's Response did not meet the requirements of *Bonetti* because it did not contain "a representation from *both* parties that the plaintiff's attorneys' fees was agreed upon separately and without regard to the amount paid to the plaintiff." Doc. No. 21 at 2 (emphasis in original).

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be

---
[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 12. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $40,000.00, representing $6,800.00 payable to Plaintiff for unpaid overtime wages, $20,000.00 payable to Plaintiff for liquidated

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

4

damages, and $13,200.00 payable to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 18 at 2.

Plaintiff's initial demand sought was $14,820.00 in overtime compensation, exclusive of liquidated damages. Doc. No. 20 at 4. Based on Defendants' time records, Plaintiff was owed approximately $6,800.00. *Id.* at 6. Plaintiff did not vigorously contest Defendants' time records. *Id.* In addition, Plaintiff compromised his claim because he was not certain he could establish Defendants' FLSA violation was willful, which would entitle Plaintiff to liquidated damages and would result in the application of a three (3) year statute of limitation, and, therefore, whether a two or three year statute of limitations applies. Doc. No. 20 at 7; 29 U.S.C. §§ 216, 255. Based on the information provided, it appears Plaintiff's decision to compromise for net compensation of $26,800.00 is fair and reasonable.[5]

Plaintiff's counsel, Deborah Frimmel, Esq., stated:

> The amount of attorneys' fees to be paid by Defendant was determined separately than Plaintiff's back wages recovery under the FLSA but was still capped by a contingency fee agreement between Plaintiff and counsel which capped any attorneys' fees recoverable at 33.3% of Plaintiff's total recovery. Thus, Defendants have agreed to pay a total of $13,320.00 in attorney's fees and costs.

Doc. No. 20-1, ¶ 7. Ms. Frimmel seeks an hourly rate of $275.00. Doc. No. 20-1. She states that she has been practicing law in the state of Florida since 1996, and has been practicing exclusively employment law in Central Florida for the past fourteen (14) years. *Id.* It is recommended that the Court find her hourly rate reasonable.

---

[5] With respect to the $6,800.00 payable to Plaintiff for unpaid overtime wages, in one filing Plaintiff misrepresents that such sum is "full payment of Plaintiff's claimed unpaid overtime exclusive of liquidated damages", which would imply full compensation without compromise, and implicate a different legal standard. Doc. No. 18 at 2, *See Granger v. Water Sports Management, Inc.*, Case No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286 at *2 (M.D. Fla. May 18, 2009) (The Court "need not scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable.").

Counsel filed a time sheet indicating that, based on the Court's calculations, she performed 94.6 hours of work on this case. Doc. No. 20-1. It appears from the time sheet that there were no paralegal services. After reviewing the time sheet, the undersigned questions several time entries made by counsel because they seem excessive. For instance, on October 13, 2009, counsel performed 5.5 hours of work in drafting a "detailed deficiency letter. . . regarding the lack of responsive documents and evasive responses to interrogatories." Doc. No. 20-1 at 7. On October 30, 2009, counsel performed an additional 8.0 hours on what appears to be the same letter. *Id.* However, as set forth below, counsel has discounted her attorney's fees, which results in counsel being compensated for about half of the total hours she claims to have worked.[6] Accordingly, it is recommended that the Court find the time actually being compensated for is reasonable.

Although Plaintiff does not explicitly state the costs sought, it appears from the time sheet that the total costs incurred are $440.00, which are comprised of the filing fee and service of process fees. Doc. No. 20-1 at 8.[7] The costs claimed are reasonable. Thus, the total amount of attorneys' fees and costs incurred is $26,455.00 ($26,015.00 + $440.00). *Id.* However, the Agreement provides for discounted fees and costs totaling $13,200.00. Accordingly, the undersigned recommends that the Court find the total fees and costs requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

---

[6] The attorney's fees actually sought total $12,760.00 ($13,200 - $440). At an hourly rate of $275.00, Plaintiff is being compensated for only 46.4 hours of work.

[7] The filing fee was $350.00 and the service of process fees were $45.00 for each of the two Defendants. Doc. No. 20-1 at 8. In the future, counsel should more clearly itemize the costs sought.

THEREON, it is RECOMMENDED that:

1. The Motion (Doc. No. 18) be GRANTED only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 17, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record